**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FERDINAND F. GREEFF, President,
One Stop Auto Parts, Incorporated,
<u>Petitioner,</u>

No. 97-1796

v.

FEDERAL RESERVE BOARD,
<u>Respondent.</u>

On Petition for Review of an Order
of the Federal Reserve Board.
(0090-0)

Submitted: July 31, 1998

Decided: August 14, 1998

Before LUTTIG and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Ferdinand F. Greeff, Petitioner Pro Se. Katherine Holbrook Wheatley,
Board of Governors, FEDERAL RESERVE SYSTEM, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ferdinand Greeff petitions for review of an order of the Federal Reserve Board (Board) approving the acquisition by Allied Irish Banks (Allied Irish), a bank holding company, of Dauphin Deposit Corporation (Dauphin) and Dauphin's subsidiary bank. Because Greeff lacks standing, we deny the petition for review.

After Allied Irish applied to acquire Dauphin and its subsidiary, the Board published notice of the application and invited public comment until May 1, 1997. Greeff, the president of One Stop Auto Parts, Inc., protested the application. He alleged that Farmers Bank, FSB, a thrift institution sold by Dauphin in 1994, had violated state law and caused loss to his business by failing to record loans to his company. He also contended that the proposal would have adverse competitive effects on certain small banks. He asserted that Dauphin had invested heavily in training, technology, and other programs in order to remain independent. Finally, he claimed that Dauphin's bank customer service would become less personal after the acquisition. The Board rejected Greeff's claims and approved the acquisition. After the Board denied his motion for reconsideration, Greeff filed the petition for review.

Greeff has failed to show any injury and therefore lacks standing to bring the petition for review. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). The Supreme Court requires as the "irreducible minimum" for standing that there be "(1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." United Food and Commercial Workers v. Brown Group, Inc., 517 U.S. 544, 551 (1996). A party that fails to demonstrate any one of these prerequisites to constitutional standing cannot seek relief from the federal judiciary. See Florida Audubon Soc'y v. Bentsen, 94 F.3d 658, 661-62 (D.C. Cir. 1996).

For there to be injury in fact, the injury must be "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Lujan v.

2

<u>Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). There must be demonstrable, particularized injury. <u>See Allen v. Wright</u>, 468 U.S. 737, 751-52 (1984).

Here, Greeff has not demonstrated the requisite injury. He alleges that he was not given certain documents related to the acquisition when he requested them on May 16, 1997, more than two weeks after the period for public comment had closed. He merely speculates that had certain information been available, "perhaps" someone would have objected to the transaction. He nowhere shows how he would have proceeded differently had he had access to the information or how the information related to the bases of his protest. Nor does he show how he was personally injured by the Board's order or the delayed release of the information.

To the extent that Greeff's protest actually relates to the negligence of Dauphin's former subsidiary in connection with a loan, Greeff still lacks standing. That harm predated the Board's order, was not caused by the order, and could not be redressed by any court order relating to the Board's order.

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

3